**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LUIS ASCENCIO SANTOS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:26-cv-1689 |
| | ) | |
| LEONARD ODDO *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM ORDER**

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. Petitioner was taken into custody by Immigration and Customs Enforcement ("ICE"). Petitioner seeks immediate release or a bond hearing and other relief. This Court will order a bond hearing but deny other requested relief.

The United States Court of Appeals for the Third Circuit in a divided panel recently held that 8 U.S.C. § 1226(a)[1], not 8 U.S.C. § 1225(b)(2)(A)[2], applies to an alien who is not "an alien seeking admission." *Buele Morocho v. Warden Philadelphia FDC*, *189 F.4th* 287 (3d Cir, 2026). This Third Circuit panel further held that aliens seeking asylum are not requesting lawful admission, bur rather seek relief from removal. *Id*. at 296 n. 11. Petitioner, like the petitioners in *Buele Morocho*, is not alleged to be seeking admission to a port of entry, but rather was already present in the United States. According to the Third Circuit, Petitioner's detention is

[1] This provision permits discretionary release on bond pending removal proceedings so long as the alien in not a danger or flight risk. *Buele Morocho, 189 F.4th at 292 (citing* 8 U.S.C. § 1226(a)).

[2] This provision "imposes mandatory detention if: (1) an 'examining immigration officer,' (2) determines that an 'applicant for admission,' (3) is 'an alien seeking admission,' and (4) is 'not clearly and beyond a doubt entitled to be admitted." *Buele Morocho, 189 F.4th at 293 (citing* 8 U.S.C. § 1225(b)(2)(A)).

therefore governed by § 1226(a), and he therefore has a right to an individualized bond hearing. Furthermore, where detention is governed by § 1226(a), detention without a bond hearing is a violation of the Petitioner's procedural due process rights. *Id.* at 305-307. Therefore, the Petition is GRANTED insofar as a bond hearing must be provided.

AND NOW, this 28th day of October 2026, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus, is GRANTED IN PART and DENIED IN PART. It is GRANTED in that as soon as practicable, but no later than thirty (30) days from the date of this Order, Petitioner must receive an individualized bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226. All other requests for relief in the Petition are otherwise DENIED.

IT IS FURTHER ORDERED that Petitioner's request for an award of attorney fees and expenses pursuant to the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412(d), is DENIED. Under the EAJA, a court may award fees and expenses to a prevailing party against the United States, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The key issue here is whether Petitioner is "an applicant for admission" who is "seeking admission" under 8 U.S.C. § 1225(b)(2)(A). Respondents argued that an "applicant for admission" is necessarily "seeking admission" until admitted or until removal proceedings are complete, including aliens such as Petitioner who have already been residing in the interior of the United States. This legal issue has been subject to much disagreement resulting in a circuit split and until recently had not yet been decided by the United States Court of Appeals for the Third Circuit. This Court concludes that Respondents' interpretation of §1225 had been substantially justified as of

the time the Petition was filed. Therefore, the Court holds that Petitioner is not entitled to attorney fees and expenses under the EAJA.

The Clerk will close the case on the docket without prejudice, and the Court retains jurisdiction over the action and the parties pending further proceedings, as may be appropriate, including interpretation or enforcement of its Orders.

*/s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: All counsel of record